# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      v.                                          Criminal Action No. 2:12CR12

**JEREMY L. JONES,**
      **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Jeremy L. Jones, in person and by counsel, Dorwin J. Wolfe, appeared before me on May 29, 2012. The Government appeared by Stephen Warner, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Nine of the Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Defendant then stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Jeremy L. Jones, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count Nine of the Indictment and the elements the government would have to prove, charging him with possession of pseudoephedrine knowing it would be used in the manufacture of methamphetamine, in violation of Title 21, U.S.C. Section 841(c)(2).

The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Nine of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of one (1) to three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or

prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his conditional waiver of appellate rights as follows:

Ct: Did you and Mr. Wolfe discuss that you have a right to appeal any conviction and any sentence to the Fourth Circuit Court of appeals within 14 days of the District Judge's oral pronouncement of the sentence?

Def: Yes, sir.

Ct: Did you and he also discuss that you may have a right to file a writ of habeas corpus challenge collaterally attacking the sentence and how it was imposed using a motion filed under 28 USC section 2255?

Def: Yes, sir.

Ct: Did you and he discuss and did you understand that if the sentencing Judge, Judge Bailey, finds that the guideline level for you before any credit for acceptance of responsibility, which is also known in the presentence report, PSR, as the adjusted offense level, is a level 24 or less and does not vary or depart above that advisory guideline, or if the court varies downward to a final guideline level of 20, then you give up your right to appeal that sentence, and you give up your right to collaterally attack or challenge that sentence using a habeas motion?

Def: Yes, sir.

Ct: Is that what you intended to do by signing the agreement with paragraph 11 in it?

Def: Yes, sir.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the condition contained in the written plea bargain agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated May 2, 2012, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Nine of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count Nine of the Indictment. Only after the District Judge had an opportunity to review the pre-sentence investigation report, would the District Judge make a determination as to whether to accept or reject any recommendation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations contained in the written agreement. The undersigned

Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Upon inquiry, the AUSA attending advised the current written plea agreement was the only one offered to Defendant, although there had been discussions of relevant conduct. Counsel for Defendant agreed no other agreements had been offered to Defendant, and also advised that he had fully discussed the issue of relevant conduct with Defendant. Defendant agreed with the representations of counsel.

Thereupon, Defendant, Jeremy L. Jones, with the consent of his counsel, Dorwin J. Wolfe, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Nine of the Indictment.

The Court then heard the testimony of USFS Special Agent Smithson, who testified he was involved in the investigation of Defendant regarding the manufacture of methamphetamine. He identified Defendant in Court. There was an arrest warrant for co-defendant Darl Vanmeter issued. Vanmeter was observed at a Sheetz in Petersburg. The vehicle was followed to co-defendant Tomma Kile's residence. They went to the residence to arrest Vanmeter. As they approached the residence, Vanmeter was outside. The police announced themselves, at which time Vanmeter fled into the residence. The police followed Vanmeter into the residence and found him in a back bedroom. The deputy who found Vanmeter began feeling lightheaded from the strong chemical odor in the room. The officers also saw Coleman fuel and some pipes normally used in smoking meth.

The officers obtained a search warrant, which they executed on February 9, 2012, at Kile's residence. Pursuant to the search officers seized various items commonly used to manufacture meth, including salt, drain opener, coffee filters, Coleman fuel, plastic tubing, and gas masks. They also found a backpack containing pseudoephedrine, as well as the box that was found on Vanmeter's person at the time of his arrest.

Defendant admitted he had provided pseudoephedrine to Vanmeter and his girlfriend Roni Nicely. Vanmeter stated Defendant had provided pseudoephedrine to him. A check of the Board of Pharmacy records showed Defendant had made a purchase of 96 pseudoephedrine pills on December 6, 2011, in Hardy County, and then had attempted to purchase additional pills in a different county only six days later. Defendant himself admitted he had bought the pills to manufacture methamphetamine. SA Smithson testified Defendant had been truthful, honest, and cooperative during the investigation.

Defendant stated he heard, understood, and agreed with SA Smithson's testimony. Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right

to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count Nine of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed; Defendant made a knowing and voluntary plea of guilty to Count Nine of the Indictment; and Defendant's plea is independently supported by the testimony of Special Agent Smithson, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained Count Nine of the Indictment and recommends he be adjudged guilty on said charge as contained in Count Nine of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an Order Setting Conditions of Release previously entered in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

It is so **ORDERED.**

DATED: May 29 , 2012.

s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE