# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      v.                           Criminal Action No. 2:12cr12

**TOMMA J. KILE,**

    **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Tomma J. Kile, in person and by counsel, Harry A. Smith, III, appeared on May 29, 2012. The Government appeared by Stephen Warner, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Three of the Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government to summarize the written Plea Agreement. Defendant stated the agreement as summarized by counsel for the Government was correct and complied with her understanding of the same. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that she voluntarily waived her right to have an Article III Judge hear and accept her plea and voluntarily consented to the

undersigned Magistrate Judge hearing and accepting her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Tomma J. Kile, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The Court then inquired of counsel if the agreement now under consideration was the only agreement offered to Defendant. Defendant's counsel advised that there had been an earlier proposal, to which he had requested modifications that were more beneficial to his client. Those modifications were made. Counsel discussed with Defendant the negotiations, including the receipt of an earlier offer that was being negotiated. They discussed in particular changes made in paragraph 4 and 7. The Court inquired of Defendant whether she was confident the agreement signed by her and now before the Court was the actual agreement she had discussed with counsel. Defendant stated that it was. Defendant also stated she was aware of the earlier offer, and that her counsel had negotiated more favorable provisions that were included in the final offer. Defendant stated the current agreement was the best that had been offered to her.

The undersigned Magistrate Judge examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement signed by her, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned reviewed with Defendant Count Three of the Indictment, including the elements the United States would have to prove at trial, charging her with possession of materials used in the manufacture of methamphetamine, in violation of Title 21, United States Code, Section 843(a)(6) and (d)(2), as charged in Count Three of the indictment. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her.

The undersigned then reviewed with Defendant and determined Defendant understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not more than ten (10) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood she would be subject to one (1) to three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable within 40 days following entry of her guilty plea. She also understood that her sentence could be increased if she had a prior firearm offense, violent felony, or drug conviction. She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

The undersigned also reviewed with Defendant her conditional waiver of appellate rights as follows:

Ct: Ms. Kile, do you understand you have a right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals within 14 days of Judge Bailey sentencing you?

Def: Yes.

Ct: Do you also understand that you may collaterally attack or challenge the sentence and how that sentence is being carried out, using a motion filed under Title 28 United States Code section 2255...We commonly call that a habeas corpus motion?

Def: Yes, your Honor.

Ct: Did you understand that under paragraph 11 of your written plea agreement, if Judge Bailey finds that the guideline level before any credit for acceptance of responsibility known in the PSR, presentence report, as the adjusted offense level, is level 26 or less, and the district judge, Judge Bailey, does not vary or depart above that guideline, or if the district judge, Judge Bailey varies downward to a final guideline level equivalent to a level 24, then, Miss Kile, do you understand you're giving up your right to directly appeal to the Fourth Circuit and you're giving up your right to collaterally attack or challenge how your sentence is being imposed or carried out?

Def: Yes, your Honor.

Ct: And you're voluntarily giving up those rights under paragraph 11 of your written plea agreement?

Def: Yes, your Honor.

Ct:   And that's what you intended to do by signing that written plea agreement with paragraph 11 in it?

Def:  Yes, your Honor.

From the foregoing colloquy the undersigned determined that Defendant understood her appellate rights and knowingly gave up those rights pursuant to the conditions in the written plea bargain agreement.

The undersigned Magistrate Judge inquired of Defendant, her counsel, and the Government as to the non-binding recommendations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Three of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in Count Three of the Indictment and make a determination as to whether to accept or reject any recommendation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant acknowledged her understanding and Defendant maintained her desire to have her plea of guilty accepted.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence than she expected, she would not be permitted to withdraw her guilty plea.. Defendant further understood there was no parole in the federal system, although she may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Thereupon, Defendant, Tomma J. Kile, with the consent of her counsel, Harry A. Smith, III, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Three of the Indictment.

The Court heard the testimony of USFS Special Agent Gene Smithson, who testified he is experienced and trained in the investigation of meth labs and familiar with the materials used in manufacturing meth. He identified Defendant in Court, testifying that he had been at her residence on February 9, 2012. An arrest warrant had been issued for Darl Vanmeter, a co-defendant of Defendant. Officers observed Vanmeter at a Sheetz gas station in Petersburg, West Virginia. Vanmeter got into Defendant's car and they drove away. The officers followed the vehicle to Defendant's residence. As they approached the residence, two subjects were outside, one of whom was identified as Vanmeter. He fled into the residence. Officers followed. Inside the residence were several other individuals. A Deputy pursued Vanmeter into a back bedroom. The deputy became lightheaded from a strong chemical odor in the room. He also observed Coleman fuel in the room.

The officers obtained a search warrant for Defendant's residence, pursuant to which they seized other items used in the manufacture of methamphetamine, including drain opener, tubing, coffee filters, lithium batteries, and Coleman fuel. Most were in the back bedroom. Defendant gave a statement,

saying she had purchased pseudoephedrine on four occasions, giving it to co-defendant Roni Nicely, Vanmeter's girlfriend, to make meth. She also admitted allowing Vanmeter to cook methamphetamine on a prior occasion. Defendant's adult son also stated that he had argued with Defendant over his belief that she was allowing Vanmeter to cook meth in her residence. Vanmeter himself admitted he had cooked meth at the residence on one previous occasion. He also stated that Defendant had purchased pseudoephedrine for him to manufacture methamphetamine.

Defendant stated she heard, understood and agreed with Special Agent Smithson's testimony. The undersigned United States Magistrate Judge concludes Defendant's plea of guilty to the offense charged in Count Three of the Indictment is supported by the testimony of Special Agent Smithson.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting her plea; Defendant understood the charges against her, not only as to the Indictment as a whole, but in particular as to Count Three of the Indictment; Defendant understood the consequences of her plea of guilty, including the maximum statutory penalty; Defendant made a knowing and voluntary plea of guilty to Count Three of the Indictment; and Defendant's plea is independently supported by the testimony of Special Agent Smithson, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained Count Three of the Indictment and recommends she be adjudged guilty on said charge as contained in Count Three of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an Order Setting Conditions of Release previously entered in this case.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: June 1, 2012.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE